# KENNETH HEISE v. BAINBRIDGE PLAYERS, INC. AND ANOTHER.[1]

April 20, 1934.

No. 29,832.

*Merriam & Wright,* for relators.
*Mark F. Crotty* and *C. E. Warner,* for respondent.

*I. M. OLSEN, Justice.*

*Certiorari* to review an order of the industrial commission awarding compensation for injury to Kenneth Heise, an employe of Bainbridge Players, Inc.

The only question for review is a question of fact. The question is whether the evidence and the reasonable inferences that can be drawn from the facts shown are sufficient to sustain the findings and conclusions of the referee and commission that the employe suffered an accidental injury which resulted in the disability for which compensation was awarded. The referee who heard the evidence awarded compensation. On appeal to the industrial commission, it awarded compensation by unanimous decision. On appeal here we review the evidence in the light most favorable to the prevailing party, in this case the employe. We reverse on questions of fact only where the evidence and the reasonable inferences to be drawn therefrom are insufficient to sustain the findings and decision of the commission.

[1]Reported in 254 N. W. 462.

Heise was an actor in the employ of relator Bainbridge Players, Inc. On January 12, 1932, he was acting in a play which required him to fall or jump from a girder or beam, at an elevation of six and a half feet or more, onto the floor of the stage. The floor of the stage was dark, the only light being a spotlight focused upon Heise and a companion up on the girders. A mattress was placed on the floor, on which Heise was supposed to land and on which he had safely landed on prior occasions. On this evening he accidentally missed the mattress and landed on the bare floor. He was jarred so that he was unable to arise for some minutes, and remained in a dazed condition for some 15 minutes. Up to that time he was apparently in good health. From that time on he commenced to fail. There was a noticeable change in his condition. He became unsteady in his walk and actions and was dizzy at times. He complained of having been severely jarred by the fall. His head bothered him. A few weeks later he noticed a change in his speech. It became thick, and the dizziness made him list in moving. He continued to act until about March 20, 1932, when he had to quit. He then went to bed and was treated by physicians at his home and later at a hospital in Minneapolis. He was then taken back to his old home in Toronto, Canada, where he was operated upon by Dr. McKenzie. The doctor found and partly removed a tumor in the back of the brain. Heise had complained to the doctor of the fall on the stage and of pain in his head. Dr. McKenzie also found a jamming down of part of the brain tissue into the opening at the bottom of the skull. He was of the opinion that this jamming was caused by the fall in question. He gave it as his opinion that the fall precipitated the symptoms which caused the patient's disability and that the fall precipitated the disability. Two other doctors gave their opinions to the effect that the fall brought on the disability by inciting the growth and activity of the tumor. Two witnesses supported Heise's testimony as to the fall and as to the change in his physical condition commencing immediately thereafter. Two doctors for the employer were of the opinion that the disability was caused by the tumor and that the fall did not have

much, if any, effect thereon. All the doctors agree that the tumor, to some extent, existed from some time prior to the date of the accident. The doctors disagree only as to the effect of the fall and jarring upon the growth of the tumor. The testimony of Dr. Mc-Kenzie that he found part of the brain tissue jammed down into the opening from the skull and his opinion that this was caused by the fall seem quite important. At most we have only a disagreement in the opinions of the experts for the parties. Taking the evidence as a whole, there is evidence which would sustain findings by the commission either way. But there is evidence sufficient to sustain the findings and conclusions made by the commission, and that is all that is necessary here.

After the operation by Dr. McKenzie, Heise greatly improved and was able to resume work on December 1, 1932. The commission awarded compensation from March 20, 1932, up to December 1, 1932, and for medical, surgical, and hospital expenses during that time.

An attorney's fee of $75 in this court is allowed and may be taxed for respondent.

Order affirmed.